ZINTER, Justice
(dissenting).
[ÍI24.] The circuit court’s judgment incorporated the divorcing parties’ property-settlement agreement that provided for an equal division of their net worth.' Under the agreement, Michael was awarded the home and Debra was obligated to pay the first-mortgage debt. A hold-harmless clause provided that Debra was to “save and hold [Michael] harmless” for “any liability” on that debt. She was also given the entire length of the mortgage to pay the debt. However, a separate home-sale clause provided that if Michael sold the home before the mortgage was satisfied, the mortgage was to “first” be-satisfied from the sale proceeds. The dispute in this case arose because although the separate home-sale clause provided that the parties were to first use sale proceeds to satisfy the mortgage, the parties neglected to include language as to what was to come second. Because the agreement fails to address this question of ultimate liability for the mortgage, the agreement is ambiguous. Because the agreement is ambiguous, we should, as the parties have requested, remand for an evidentiary hearing to determine the parties’ intent.
[¶25.], The majority correctly states the law governing the interpretation of ambiguous agreements. However, the Court erroneously concludes that this agreement is “unambiguous” and that its “plain meaning” discharges Debra’s obligation, making Michael ultimately liable for the mortgage debt. See supra ¶¶ 12-13. As is readily apparent, there is no transfer or discharge-of-liability language in the agreement. Further, considering Debra’s contractual right to pay the debt over the entire length of the mortgage, the home-sale clause can be reasonably interpreted to simply enable a sale of the home by satisfying recorded mortgages without affecting Debra’s ultimate liability for the mortgage debt. Because the agreement is subject to different, reasonable interpretations,- it is ambiguous. See Pankratz v. Hoff, 2011 S.D. 69, ¶ 16, 806 N.W.2d 231, 237.
[¶26.] The Court determines that the contract unambiguously discharges Debra’s obligation and transfers the mortgage liability to Michael only by adding two unwritten “conditions” to the agreement. According to the. Court, Debra’s hold-harmless obligation was first conditioned on Michael’s “continued possession of the home.” Supra ¶ 12 (asserting that Debra’s obligation was “moored to Michael’s continued possession” because it is “embedded between” a sentence providing *815 “Defendant shall be awarded the marital residence” and a sentence providing “Defendant agrees to be responsible for the taxes and insurance on said property”). But those sentences contain no language tying those provisions to Debra’s mortgage liability or the hold-harmless clause. They contain no language referencing — let alone modifying — the hold-harmless clause. The Court also claims that Debra’s obligation to pay the mortgage debt was “modified by [a] conditional provision” in the home-sale clause that discharged her obligation if Michael sold the home. See supra ¶¶ 13, 15. But the home-sale clause is in a different paragraph than the mortgage and hold-harmless clauses. Moreover, there is nothing in the language (requiring that the mortgages “be paid in full first out of the proceeds” if Michael sold the home) that purports to modify ultimate liability for the debt. Thus, the Court’s claimed “conditions” are not supported by the language of the agreement.
[¶27.] Conditions are not favored by law and must be construed strictly. Weitzel v. Sioux Valley Heart Partners, 2006 S.D. 45, ¶ 38, 714 N.W.2d 884, 895-96; Pointe Dev., LLC v. Enter. Bank & Tr., 316 S.W.3d 543, 546-47 (Mo.Ct.App.2010); 17A Am.Jur.2d Contracts § 453, Westlaw (database updated Nov. 2016). “[A]n act or event designated in a contract will not be construed as a condition unless that clearly appears to be the intention of the parties.” 17A Am.Jur.2d Contracts § 443. “The document as a whole must be examined and it must be determined that the intent of the parties was to pre-agree that the happening or nonoccurrence of the stated event after the contract becomes binding would cause the” contractual obligation to terminate. Weitzel, 2006 S.D. 45, ¶ 38, 714 N.W.2d at 896.
[¶ 28.] Here, the parties’ intent is not clearly reflected in the agreement. The agreement included provisions for an award of the home, payment of taxes, liability for the first- and second-mortgage debt, and immediate satisfaction of the mortgages in the event of a sale. Although the home-sale clause provided for the immediate satisfaction of the mortgages “first out of the” sale proceeds, the agreement never addresses ultimate liability. The parties also failed to include express language either discharging Debra’s responsibility for the mortgage or transferring that liability to Michael. Without such language, the hold-harmless clause can be reasonably read to remain effective after the sale. Rather than adding unwritten conditions to the agreement, we should hold that the agreement is ambiguous and remand for the circuit court to determine the parties’ intent.